## Turner v. The Intelligencer Co.

*High, Swartz, Childs & Roberts,* for plaintiff.

*Henry Miller,* for defendant.

DANNEHOWER, P. J., January 27, 1959.—This is a complaint in trespass for libel alleging that defendant published a newspaper containing a headline and story which amount to an accusation that plaintiff had tried to commit bribery on a public official.

Defendant has filed preliminary objections to the complaint in the nature of a demurrer and motion for more specific pleading which aver that the publication is not libelous and the complaint should be more specific.

These preliminary objections, after argument before the court en banc, are pending for decision.

The first preliminary objection alleges that the complaint fails to set forth a cause of action because the publication is not susceptible of any libelous interpretation as a matter of law and the complaint does not aver that the publication is untrue.

A libel has been defined in the Pennsylvania courts as any malicious publication, written or printed or painted or procured to be written, printed or painted, which by words or signs tends to expose a person to contempt, ridicule, hatred or degradation of character: Schnabel v. Meredith, 378 Pa. 609; Luckock v. Daily News Publishing Company, 74 Pa. Superior Ct. 429.

Plaintiffs alleged in their complaint that defendants published a newspaper containing a headline, "Accuse Turner of Trying to Bribe Adams", and a newsstory purporting to quote a witness at a board of commissioners' meeting as saying: "Turner had approached him early in the summer and had told him 'in so many words' that he was after Adams. 'He asked me,' Kirby said, 'if I thought Adams would take a bribe.' " Plaintiff contends that this headline along with the story conveys the impression to a reasonable person that plaintiff, Martin R. Turner, had attempted to commit the crime of bribing a public official and therefore is libelous per se, since it imputes conduct amounting to a crime involving moral turpitude.

It is not necessary to decide the precise question of whether plaintiff was accused of a crime involving moral turpitude, since a cause of action for libel as distinguished from slander is prima facie made out by the mere proof of defamatory publication without regard to whether or not it appears that plaintiff suffered any special damages. If the publication in question is defamatory then the complaint does set forth

a cause of action. We have little difficulty in deciding that the headline and story are defamatory in that plaintiff was exposed to contempt and degradation of character by the publication of the accusation of attempted bribery.

Defendant contends that because the complaint does not state exactly what is supposed to have been false in the publication in question, it fails to set forth a valid cause of action. We see no merit in this contention. The Act of August 21, 1953, P. L. 1291, sec. 1, 12 PS §1584a, places the burden of proof on defendant of proving the truth of the defamatory communication. In the case of Redeker v. Baltz, 7 D. & C. 2d 605 (1956) (Knight, P. J.), it was held that falsity need not be pleaded in a complaint for libel.

In his motion for a more specific pleading defendant avers that the complaint should be more specific in alleging what is claimed to be false in the publication. Since truth is an affirmative defense, plaintiff has no burden to allege or prove the falsity of the statements. He merely must allege that he is the object of a defamatory publication which we believe he has done.

Defendant has also raised the issue that this was a privileged publication. Privilege is a matter of defense and cannot be asserted by preliminary objections.

In our judgment the complaint on its face sets forth a valid cause of action by alleging a defamatory publication amounting to libel. All of the other issues raised by defendant in his preliminary objections are matters of defense and not the proper basis for preliminary objections.

### Order

And now, January 27, 1959, for the foregoing reasons, defendant's preliminary objections are overruled and dismissed and defendant shall have the right to plead over within 30 days from this date.